■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BOBBY WILLIAMS, Appellant.— Judgment (resentence), Supreme Court, Bronx County, rendered on February 23, 1973, affirmed. Defendant pleaded guilty to robbery in the third degree and was sentenced to the New York City Reformatory, a sentence which carries a maximum of three years. Alleging that he was a homosexual and thus was segregated in the City Reformatory and consequently denied access to rehabilitative procedures, defendant sued out a writ of habeas corpus. The court sustained the writ to the extent of referring the matter back to the original court for resentence; whereupon that court, after hearing argument, resentenced the defendant to the New York State Reformatory, a sentence which carries a maximum of four years. The defendant claims this sentence illegal, citing *North Carolina* v. *Pearce* (395 U. S. 711). *Pearce* holds that while there is no restriction on increasing or decreasing the harshness of a sentence on resentence, the defendant should be protected from vindictiveness on the part of the Judge because he took an appeal. Initially, we see no distinction between a resentence resulting from a successful appeal and one occasioned by a ruling on habeas corpus. We do see other distinctions. *Pearce* applies to prison sentences. The sentences here involved are reformatory sentences. No specific time is involved, the purpose being to give the correction authorities an opportunity to apply rehabilitative procedures. The Legislature for reasons of its own has put limitations on the time that the correctional authorities may use to accomplish this. In the case of the City Reformatory that period is limited to three years, in the case of the State Reformatory it is four years. These periods are not sentences fixed by the court but rather the outside limits that a correctional authority may take in its rehabilitative efforts. Consequently it has been held that if the institution does not supply rehabilitative measures for the individual in question he cannot be placed there at all (*People ex rel. Ceschini* v. *Warden*, 30 A D 2d 649). Here it was established that the City Reformatory could not or did not provide rehabilitative service to this individual. In this dilemma the court took careful note of the defendant's situation. At the time of resentence defendant was just 20 years old. He was raised in a foster home by foster parents who were unable to control him. He left school in the ninth grade, and his foster home when he was 16. He has never worked. There is a continuous history of antisocial conduct. The crime for which he was indicted was a robbery in which the victim was beaten and hospitalized, although the beating was not administered by the defendant. Instead of sentencing the defendant to a prison term the court sought to employ the corrective facilities of the State. Thwarted in this endeavor by the inability of the institution to which he was entrusted to provide for this particular individual, the court did not resort to a prison sentence but merely changed the institution. It is true that that change increased the period during which the rehabilitative process might be carried on, with a possible increase in the period of detention. We do not think that *Pearce* applies for two reasons. The first is that this is not a harsher sentence within the meaning of that opinion. The second is that the express purpose of *Pearce* is to prevent any effort to discourage a defendant from exercising his rights of review because of fear that he may be penalized by any vindictiveness on the part of the sentencing Judge. Here the record refutes any thought of such motivation. The direction in *Pearce* that only proof of conduct subsequent to the initial sentence will be acceptable to over-

come the possibility of an interdicted increase in punishment is only a guideline as to an evidentiary determination and could not be intended to cover cases where the main fact, namely, an absence of retributive punishment, was established.    Concur — McGivern, J. P., Markewich and Steuer, JJ.; Kupferman and Lane, JJ., dissent in the following memorandum by Lane, J.    We would reverse.    The defendant had sued out a writ of habeas corpus for resentencing to an institution which afforded rehabilitation facilities for homosexuals, which writ was sustained pursuant to *People ex rel. Ceschini* v. *Warden* (30 A D 2d 649).    The court, in resentencing the defendant, imposed a longer period of incarceration than meted out at the time of the original sentence. This resentence was violative of the teachings of *North Carolina* v. *Pearce* (395 U. S. 711), which requires that if the resentence is harsher than the original sentence a valid reason must be given to prevent vindictiveness on the part of the Trial Justice.    While it is true that *Pearce* did not deal with a reformatory sentence, the distinction between a reformatory and a prison sentence drawn by the majority is not a viable one.    Both sentences are defined as imprisonment; both types of prisoners are under the supervision of the Department of Correction (cf. Penal Law, § 70.20 with Penal Law, § 75.05); and a definite sentence of imprisonment is convertible to a reformatory sentence of imprisonment by statute (Correction Law, § 801, subd. 3).    Clearly, the intent of any imprisonment, though not often translated into deed, is the rehabilitation of the inmates (see, e.g., Correction Law, §§ 135, 136) and facilitation of their adjustment to re-entry into society (see, e.g., Correction Law, § 66).    In the case at bar, the sentencing Justice could have fulfilled the spirit of both the *Pearce* and *Ceschini* teachings by resentencing the defendant to the custody of the State Department of Correction for three years and directing that he be sent to the Elmira Reception Center for appropriate classification (Correction Law, § 801, subds. 1, 3).    Accordingly, the conviction should be reversed and the defendant should be resentenced in a manner consistent with this opinion.